UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID T. AN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFF MACOMBER, Warden,<br><br>　　　　Respondent. | No. 2:14-cv-738-KJM-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has moved to dismiss the petition as untimely and time-barred.  In response, petitioner filed both an opposition to respondent's motion and a motion for relief from judgment.  Respondent subsequently filed an opposition to petitioner's motion.

For the reasons that follow, it is recommended that respondent's motion to dismiss be granted and petitioner's motion for relief from judgment be denied.

**I.  Background**

Petitioner challenges a prison disciplinary hearing at which he was found guilty of distribution of a controlled substance.  ECF No. 1 at 3.[1]  Petitioner claims his federal constitutional rights were violated because the hearing officer refused "to fairly weigh and consider all the evidence," and because the evidence was insufficient to sustain the hearing

---

[1] For ease of reference, all page number citations to court documents are to the pagination assigned via the court's electronic filing system.

1

officer's finding. *Id.* at 3, 5. Petitioner seeks restoration of the behavioral credit lost as a result of the disciplinary hearing. *Id.* at 1.

## II. The Limitations Period

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

Where, as here, a petitioner challenges a prison disciplinary finding rather than a state court judgment, AEDPA's one-year limitation period still applies and the start of the limitations period is determined under § 2244(d)(1)(D)—the date when the factual predicate of the claim could have been discovered by the petitioner through the exercise of due diligence. *Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012); *Shelby v. Bartlett*, 391 F.3d 1061, 1065-66 (9th Cir. 2004). "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for [] habeas claims." *Mardesich*, 668 F.3d at 1172.

### A. Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly-filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable

time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," and are, without adequate explanation, unreasonable under California law). A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

### B. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id.*

### III. ANALYSIS

Petitioner's administrative appeal of the disciplinary action became final when it was denied at the third and final level of review on April 18, 2012. ECF No. 10-1 at 10-11. The limitations period therefore began to run the following day, April 19, 2012, and, absent tolling, expired on April 19, 2013. *Mardesich*, 668 F.3d at 1172. Petitioner did not file his federal habeas petition until March 18, 2014.[2] ECF No. 1 at 8. Thus, absent tolling, petitioner filed his federal petition 334 days after the expiration of the limitations period.

---

[2] Unless otherwise noted, the court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

### A. Statutory Tolling

Petitioner filed a habeas petition in the Sacramento County Superior Court ("Superior Court") on May 9, 2012.[3] ECF No. 10-1 at 8. The Superior Court denied that petition on July 13, 2012. ECF No. 10-2 at 3. Petitioner filed a habeas petition in the California Court of Appeal for the Third Appellate District ("Court of Appeal") on July 28, 2012. ECF No. 10-5 at 13. The Court of Appeal denied the petition on November 29, 2012. ECF No. 10-6 at 2. Petitioner filed a habeas petition in the California Supreme Court on December 11, 2012. ECF No. 10-7 at 13. The California Supreme Court denied that petition on March 20, 2013. ECF No. 10-8 at 2.

Petitioner filed his petition in the Court of Appeal within three weeks of the Superior Court's denial, and he filed his petition in the California Supreme Court within two weeks of the Court of Appeal's denial. Respondent concedes that petitioner filed these petitions within a reasonable time and that petitioner is therefore entitled to statutory tolling from the day he filed his first petition in the Superior Court to the day the California Supreme Court denied his petition. *See* ECF No. 10 at 3. Thus, petitioner tolled the limitations period from May 9, 2012[4] to March 20, 2013, for a total of 316 days. Petitioner therefore had until March 1, 2014 to file his federal habeas petition. Because petitioner did not file until March 18, 2014, his federal habeas petition is untimely even with statutory tolling.

### B. Equitable Tolling

In his motion for relief of judgment, petitioner argues that the untimeliness of his federal habeas petition was the fault of his "law clerk." ECF No. 12 at 1-2. Petitioner explains that his law clerk—a fellow inmate named Desmond Moreland—was in possession of petitioner's legal

---

[3] Petitioner filed a second habeas petition in the Superior Court on September 13, 2012. ECF No. 10-3 at 8. The Superior Court denied that petition on October 26, 2012. ECF No. 10-4 at 3.

[4] Respondent uses May 18, 2012 as the date petitioner filed his first petition with the Superior Court. However, applying the mailbox rule, petitioner filed that petition on May 9, 2012. *See* ECF No. 10-1 at 8. Furthermore, the undersigned finds nothing undermining respondent's assumption that petitioner properly filed the first Superior Court petition and that the tolling period began with that filing, *see* ECF No. 10 at 4; while the Superior Court noted that petitioner should have submitted a copy of the Rules Violation Report, the Superior Court nevertheless denied the petition on the merits, *see* ECF No. 10-2 at 2, 3.

4

documents when prison administrators reassigned Moreland to the facility's administrative segregation unit on December 11, 2013. *Id.* at 4. The Institution Gang Investigators Unit was allegedly investigating Moreland and consequently took possession of Moreland's property, including petitioner's legal documents. *Id.* Petitioner claims that he submitted formal requests for the return of those documents on four occasions between December 15, 2013 and February 10, 2014, *id.* at 4-5, and he included copies of those formal requests with his motion, *see id.* at 10-14. Plaintiff allegedly did not regain possession of the documents until March 17, 2014. *Id.* at 5. He submitted his federal petition the following day. ECF No. 1.

Petitioner's motion suggests that he is entitled to equitable tolling for the period in which he was without his legal documents (December 11, 2013 to March 17, 2014).[5] If the limitations period were tolled for those 97 days—in addition to the 316 days that the limitations period was tolled under § 2244(d)(2)—his filing of the federal petition on March 18, 2014 would have been within the one-year limitations period. But, as noted above, petitioner bears the burden of establishing that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649.

Whether petitioner has been pursuing his rights diligently is debatable. On the one hand, he promptly petitioned each of the state courts and filed several formal requests for the return of his legal documents—the first within four days of Moreland's reassignment. Moreover, with statutory tolling, petitioner filed his federal petition less than three weeks after the expiration of the one-year limitations period. On the other hand, even believing petitioner's claim that he was without access to his legal documents for ninety-seven days,[6] petitioner presumably had access

/////

---

[5] Though framed as a motion for relief pursuant to Federal Rule of Civil Procedure 60, petitioner explicitly states that he is simply contesting the tolling calculations. ECF No. 12 at 8. To the extent he actually seeks relief under Rule 60(b), his motion is premature as there is no final judgment or order from which petitioner could be relieved.

[6] The undersigned notes that petitioner presented his claims with respect to Moreland in a declaration that petitioner did not sign under the penalty of perjury. *See* ECF No. 12 at 5 ("I, David An, do declare under the penalty that the foregoing is true and correct.")

5

to the documents for the nine months between the California Supreme Court's denial of his petition and Moreland's reassignment.

While petitioner's diligence is debatable, it is clear that under Ninth Circuit case law that equitable tolling is not warranted absent a showing of an "extraordinary circumstance." Certainly the "denial of access to legal files may in some cases constitute 'the type of external impediment [that warrants] equitable tolling' . . . ." *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (quoting *Waldron-Ramsey*, 556 F.3d at 1013). However, a petitioner "is not entitled to equitable tolling on the ground that he did not have his legal files [when] the record shows that he was aware of the factual basis of his claims without them." *Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009). Here, petitioner must have been aware of and familiar with the factual bases of his claims, as he had filed four state habeas petitions challenging the disciplinary hearing before he filed the federal petition.

Moreover, the Ninth Circuit has explicitly rejected the argument that the transfer of an inmate "law clerk" and consequential loss of legal documents warrants equitable tolling. In *Chaffer*, the Ninth Circuit explained:

> First, "he entrusted [his inmate law clerk] with his legal documents at his peril." *United States v. Cicero*, 214 F.3d 199, 205 (D.C. Cir. 2000). Second, although he alleges that he lacked access to his files the entire time his inmate law clerk was working on his petition, he "does not point to specific instances where he needed a particular document . . . and could not have procured that particular document when needed." *Waldron-Ramsey*, 556 F.3d at 1013-14.

592 F.3d at 1049 (bracketing in original).

Here too, petitioner entrusted Moreland with his legal documents at his peril, and he fails to identify specific instances in which he needed a particular document. Even if petitioner did identify such an instance with specificity, "[i]f diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline . . . ." *Waldron-Ramsey*, 556 F.3d at 1014.

/////

Thus, petitioner has failed to establish an extraordinary circumstance that prevented him from timely filing his petition and he is therefore not entitled to equitable tolling.[7]

**IV. Recommendation**

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted;

2. Petitioner's motion for relief from judgment (ECF No. 12) be denied; and

3. The petition for writ of habeas corpus (ECF No. 1) be dismissed with prejudice as untimely and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: November 20, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[7] Petitioner also argues that Moreland was "deceitful and deceptive" in response to petitioner's inquiries of Moreland's progress on the petition. ECF No. 12 at 1-2. Because petitioner does not elaborate on this conclusory allegation or establish any facts in support of it, the claim does not warrant equitable tolling. *See Miranda v. Castro*, 292 F.3d at 1065.